IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NANETTE STONE,                      )    CIVIL 17-00601 LEK-KSC
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
NHS HUMAN SERVICES, The             )
Association for Independent         )
Growth,                             )
                                    )
          Defendant.                )
_____     )


**ORDER DENYING DEFENDANTS' MOTION TO
DISMISS COMPLAINT AND TRANSFERRING CASE**

          Before the Court is Defendants NHS Human Services

("NHS") and The Association for Independent Growth's ("AIG,"

collectively "Defendants") Motion to Dismiss Complaint

("Motion"), filed on May 25, 2018.  [Dkt. no. 23.]  Pro se

Plaintiff Nanette Stone ("Plaintiff"), filed her memorandum in

opposition on July 30, 2018, and Defendants filed their reply on

August 6, 2018.  [Dkt. nos. 46, 49.]  The Court finds this matter

suitable for disposition without a hearing pursuant to Rule

LR7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i ("Local Rules").

Defendants' Motion is hereby denied without prejudice, and the

case is transferred to the United States District Court for the

Eastern District of Pennsylvania, for the reasons below.

## I.   Plaintiff's Complaint

On December 20, 2017, Plaintiff filed her Employment Discrimination Complaint ("Complaint") against Defendants, who she refers to as her employers.[1]  [Dkt. no. 1 at pgs. 1-2.[2]] Plaintiff alleges federal question and possibly diversity jurisdiction.[3]  [Id.]

Plaintiff alleges that, between 2013 to 2014, her employer[4] implied that she was disabled and required counseling, and openly discussed Plaintiff's medical diagnoses with her.[5] [Id. at pg. 8.]  Plaintiff asserts she was sexually assaulted

---

[1] Defendants submitted evidence that Plaintiff was employed at NHS's office in Lafayette Hill, Pennsylvania ("Lafayette Office") from December 10, 2012 to August 26, 2014 as a quality and performance manager, and she was never employed by AIG. [Motion, Decl. of Jill Garfinkle Weitz ("Weitz Decl.") at ¶¶ 19-20.]  Jill Garfinkle Weitz is NHS's general counsel.  [Id. at ¶ 1.]

[2] The Complaint consists of multiple documents that are not consecutively paginated.  All citations to the Complaint and sections therein refer to the page numbers assigned by the district court's electronic case filing system.

[3] Plaintiff appears to have been a Hawai`i resident at the time of filing as she maintained a Honolulu, Hawai`i mailing address.  [Complaint at pg. 1.]

[4] Plaintiff does not identify any individual with regard to this allegation.

[5] The Complaint does not specifically state what disability Plaintiff may be suffering from, or is perceived to suffer from. However, Plaintiff states in her memorandum in opposition that she suffers from hearing loss.  [Mem. in Opp. at 5.]

and/or harassed on or about February or March 2013, while at the NHS office building at 4700 Wissahickon Avenue ("Wissahickon Building"), during a certified investigators class. An unknown man from "AVS" sat next to her and touched her repeatedly on the leg, and would not stop until she moved away from him. [Id. at pgs. 6, 10.] Plaintiff alleges that, after she reported the incident in June 2013, one of her supervisors, Brian Hancock,[6] threatened her in retaliation for her report when he told her "Don't Ask, Don't Tell" in the parking lot outside of the Wissahickon Building. [Id. at pgs. 3, 9.]

In 2014, a coworker Plaintiff refers to as "Sheree" would speak in a low voice so that Plaintiff could not hear her, and at other times would ignore her completely.[7] [Id. at pg. 8.] On another occasion, she alleges a male coworker attempted to humiliate her in the presence of two other female coworkers, by standing close behind her with his "frontal" near her backside. [Id. at pg. 10.] Plaintiff also alleges staff followed her to restrooms, break rooms, meetings, and going to and from work. [Id. at pgs. 3, 4, 9, 10.]

---

[6] According to the Complaint, Mr. Hancock oversaw one of the programs that Plaintiff managed for "Performance and Quality" review. [Complaint at pg. 3.]

[7] Plaintiff also states "Sheree would ignore Our direct supervisor Alex Canavan." [Id. at pg. 8.]

Plaintiff believes and alleges she: was filmed on a number of occasions by her coworkers; [id. at pg. 4;] was offered a sham "promotion" that she perceived as a demotion from her current position; [id.;] had a male coworker "ram[] into [her] arm," in retaliation;[8] [id. at pg. 2;] had her work sabotaged by other coworkers who infected her computer and personal electronic devices with "malware viruses"; [id. at pg. 8;] and received threats from her coworkers and her superiors, [id. at pgs. 2, 3, 8]. Plaintiff alleges her pay was reduced on a date between 2013 and 2014, which her supervisors and payroll allegedly indicated she was "due" for. [Id. at pg. 10.] Another coworker approached her and implied that Plaintiff deserved the pay reduction. [Id.]

Plaintiff resigned from NHS in August 2014. [Id. at pgs. 3, 7.] Plaintiff alleges she continued to experience negative backlash following her resignation. Between the dates of 2014 to 2016, Plaintiff was approached by NHS staff on several occasions in Philadelphia and Montgomery County, Pennsylvania.[9] [Id. at pg. 7.] On or about March or April 2017, Plaintiff unsuccessfully applied to the Columbia University Disability Services Department; Plaintiff alleges NHS sabotaged her

_____

[8] Plaintiff does not indicate in her Complaint what the retaliation was in response to.

[9] Plaintiff alleges that in 2014, a person named "Kamilla Abdul Malik" approached her at the "Nile Café," and another unidentified person approached her twice at a "WAWA." [Complaint at pg. 7.]

4

application by lying about the quality of her work product and implying that she had been terminated from NHS. [Id. at pg. 9.] Plaintiff generally alleges NHS has blacklisted her from future employment by "defaming [her] 'good' record of service . . . at NHS[.]" [Id. at pg. 2.]

Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in Honolulu, Hawai`i, and the EEOC issued a right-to-sue letter to Plaintiff on October 31, 2017. [Complaint, Exh. A (EEOC right-to-sue letter).]

Plaintiff's Complaint alleges employment discrimination based on her gender (female) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. [Complaint at pg. 2.] Plaintiff also appears to allege disability discrimination, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., in addition to unsafe working conditions, retaliation, sexual harassment, assault, slander, and defamation, among other unclear allegations. [Id.] Plaintiff seeks compensation for back pay and loss of future income, attorney's fees and costs, and any other appropriate relief. [Id. at pgs. 5, 7.]

II. **Defendants' Motion**

The instant Motion asserts the Complaint should be dismissed as this Court lacks personal jurisdiction over

5

Defendants, who are both Pennsylvania entities and do not conduct business in the forum. NHS is a non-profit corporation, organized and incorporated in the State of Pennsylvania, and currently operating under the new name of Merakey USA. [Weitz Decl. at ¶¶ 1, 5-6.] AIG is a Pennsylvania corporation now known as Merakey IDD Philadelphia, and is a wholly owned subsidiary of Merakey USA. [Id. at ¶¶ 3, 7.] AIG has operations only in Pennsylvania. [Id. at ¶ 7.] NHS is a service organization that operates in Pennsylvania, New Jersey, Virginia, New York, Maryland, Delaware, Louisiana, and Michigan. [Id. at ¶¶ 10-11.] Defendants have employed no person and conducted no business in Hawai`i. [Id. at ¶¶ 12, 17.] Defendants neither own/rent any personal or real property in Hawai`i, nor do they hold any bank accounts in Hawai`i. [Id. at ¶¶ 14-16.] Defendants do not advertise or hold any licenses or registrations to conduct business in Hawai`i. [Id. at ¶¶ 13, 18.]

Defendants were unable to serve copies of the Motion on Plaintiff at her residence in Honolulu, Hawai`i, but were later successful in serving Plaintiff at her new address in Philadelphia, Pennsylvania. [EO: Court Order Regarding Defs.' Motion to Dismiss Complaint and Pltf.'s Duty to File a Notice Regarding Any Change in Her Address, filed 6/14/18 (dkt. no. 33) ("6/14/18 EO").] In the 6/14/18 EO, the Court reminded Plaintiff that she must file a notice informing the district court and the

parties of her change of address, the effective date of said change, and to include her telephone and email address in the notice. Plaintiff was also reminded that the deadline to file any opposition to the Motion was July 2, 2018. [Id. at 2.]

Although Plaintiff was subsequently reminded on three separate occasions to file a notice, Plaintiff has not done so. See Minutes, filed 6/16/18 (dkt. no. 38); Minutes, filed 7/2/18 (dkt. no. 39); EO: Order Vacating Hearing Scheduled for July 23, 2018, and Resetting Hearing for August 27, 2018, at 9:45 A.M., filed 7/9/18 (dkt. no. 42). Plaintiff's memorandum in opposition reflects her Philadelphia, Pennsylvania address. [Mem. in Opp. at 1.]

**DISCUSSION**

## I.  Materials Beyond the Pleadings

Defendants have filed their Motion pursuant to Fed. R. Civ. P. 12(b)(2), and move to dismiss the Complaint for lack of personal jurisdiction. Generally, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint. See, e.g., Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) ("[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."

(citations and internal quotation marks omitted)). However, "courts may 'consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment.'" <u>Haw. Reg'l Council of Carpenters v. Yoshimura</u>, Civ. No. 16-00198 ACK-KSC, 2016 WL 4745169, at *2 (D. Hawai`i Sept. 12, 2016) (quoting <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003)). When, as here, the Court considers a motion to dismiss for lack of personal jurisdiction, the Court may consider evidence outside the pleadings. <u>See</u> <u>Wood v. Nw. Airlines, Inc.</u>, No. CV 09-00481 DAE-LEK, 2010 WL 2485946, at *2 n.2 (D. Hawai`i June 16, 2010) (citing <u>Dole Food Co., Inc. v. Watts</u>, 303 F.3d 1104, 1108 (9th Cir. 2002)).

The Court has considered the Weitz Declaration in ruling on the Motion. However, since Defendants seek dismissal of the Complaint based on lack of personal jurisdiction, the Court need not convert Defendants' motion to dismiss into a motion for summary judgment. <u>See</u> <u>id.</u>

## II. <u>Jurisdiction</u>

Defendants argue Plaintiff's Complaint should be dismissed as this Court lacks personal jurisdiction over both nonresident Defendants. [Motion at 2.] When faced with an attack on personal jurisdiction, Plaintiff has the burden of

8

establishing that jurisdiction is appropriate.  <u>See</u>
<u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 800 (9th
Cir. 2004).  As the Court has decided to rule on the Motion
without an evidentiary hearing, Plaintiff is only required to
make a prima facie showing of "jurisdictional facts to withstand
the motion to dismiss."  <u>See</u> <u>Barranco v. 3D Sys. Corp.</u>,
6 F. Supp. 3d 1068, 1076 (D. Hawai`i 2014) (citing <u>Love v.</u>
<u>Associated Newspapers, Ltd.</u>, 611 F.3d 601, 608 (9th Cir. 2010);
<u>Schwarzenegger</u>, 374 F.3d at 800).  A plaintiff may not simply
rest on the bare allegations of the complaint; however,
"uncontroverted allegations in the complaint must be taken as
true, and conflicts between the parties over statements contained
in affidavits or declarations must be resolved in the plaintiff's
favor."  <u>Id.</u> (citing <u>Love</u>, 611 F.3d at 608; <u>Schwarzenegger</u>, 374
F.3d at 800).  Further, "[p]ersonal jurisdiction must exist for
each claim asserted against a defendant."  <u>Action Embroidery</u>
<u>Corp. v. Atl. Embroidery, Inc.</u>, 368 F.3d 1174, 1180 (9th
Cir. 2004) (citing <u>Data Disc, Inc. v. Sys. Tech. Assocs., Inc.</u>,
557 F.2d 1280, 1289 n.8 (9th Cir. 1977)).

This Court has previously stated with regard to
establishing personal jurisdiction:

> The district court considers two factors
> before exercising personal jurisdiction over a
> nonresident defendant in a diversity of
> citizenship case: "(1) whether an applicable state
> rule or statute potentially confers jurisdiction
> over the defendant; and (2) whether assertion of

such jurisdiction accords with constitutional
principles of due process." <u>Flynt Distrib. Co. v.
Harvey</u>, 734 F.2d 1389, 1392 (9th Cir. 1984). "The
jurisdictional inquiries under state law and
federal due process merge into one analysis" when,
as here, the state's long-arm statute is
"co-extensive with federal due process
requirements." <u>Roth v. Garcia Marquez</u>, 942 F.2d
617, 620 (9th Cir. 1991). <u>See</u> <u>Cowan v. First Ins.
Co. of Hawaii</u>, 61 Haw. 644, 649, 608 P.2d 394, 399
(1980) (Hawaii's long-arm statute, Haw. Rev. Stat.
§ 634-35, was adopted to expand the jurisdiction
of Hawaii's courts to the extent permitted by the
due process clause of the Fourteenth
Amendment). . . .

The Due Process Clause protects a person's
"liberty interest in not being subject to the
binding judgments of a forum with which he has
established no meaningful 'contacts, ties, or
relations.'" <u>Burger King Corp. v. Rudzewicz</u>, 471
U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d
528 (1985) (quoting <u>Int'l Shoe Co. v. Washington</u>,
326 U.S. 310, 319, 66 S. Ct. 154, 90 L.Ed. 95
(1945)). The Due Process Clause requires that
defendants have "certain minimum contacts with
[Hawaii] such that the maintenance of the suit
does not offend traditional notions of fair play
and substantial justice." <u>Int'l Shoe</u>, 326 U.S. at
316, 66 S. Ct. 154; <u>Data Disc, Inc. v. Systems
Tech. Assocs., Inc.</u>, 557 F.2d 1280, 1287 (9th Cir.
1977). The minimum contacts required mean that
the defendant must have purposefully availed
itself of the privilege of conducting activities
within the foreign jurisdiction, thereby invoking
the benefits and protections of the foreign
jurisdiction's laws. <u>See</u> <u>Asahi Metal Indus. Co.
v. Sup. Court of Cal.</u>, 480 U.S. 102, 109,
107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). In
applying Due Process Clause requirements, courts
have created two jurisdictional concepts — general
and specific jurisdiction.

<u>Barranco</u>, 6 F. Supp. 3d at 1077 (alterations in <u>Barranco</u>) (some

citations omitted).

**A. General Jurisdiction**

"A court may exercise general jurisdiction over the defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial." Maui Elec. Co. v. Chromalloy Gas Turbine, LLC, 942 F. Supp. 2d 1035, 1041 (D. Hawai`i 2013) (some citations omitted) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. E. 2d 404 (1984)). Plaintiff has not set forth any facts to defeat Defendants' arguments that this Court may not exercise general jurisdiction over Defendants. In light of the uncontroverted statements of Defendants' general counsel, Defendants do not have sufficient minimum contacts with Hawai`i that are so continuous and systematic that would constitute a physical presence in the State of Hawai`i. See Helicopteros, 466 U.S. at 414-16. Neither Plaintiff nor Defendants assert NHS provides any services, has employees, or conducts business in Hawai`i. Defendants also do not own or lease property, maintain any bank accounts, hold licenses/registrations, or advertise in the forum. [Weitz Decl. at ¶¶ 12-18.] Instead, Plaintiff asserts she filed her claim with this district court to "seek fresh eyes" and escape what she perceives to be a corrupt system in Philadelphia. [Mem. in Opp. at 1.]

Thus, this Court turns to whether specific jurisdiction exists as to each of the Defendants.  See Kukui Gardens Corp. v. Holco Capital Grp., Inc., 664 F. Supp. 2d 1103, 1111 (D. Hawai`i 2008).  To the extent that Plaintiff does not distinguish whether NHS, AIG, or both Defendants committed a specific act, the Court will consolidate its analysis as appropriate.

**B.    Specific Jurisdiction**

The Ninth Circuit follows a three-part test to analyze a claim for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.
>
> Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). The plaintiff bears the burden of satisfying the first two prongs of the test.  Sher [v. Johnson], 911 F.2d [1357,] 1361 [(9th Cir. 1990)].  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). . . .

Schwarzenegger, 374 F.3d at 802.

## 1. **Purposeful Direction**

In an action sounding in tort, the Ninth Circuit
applies a "purposeful direction" analysis rather than "purposeful
availment." See id. at 802-03 (citations omitted). In
evaluating purposeful direction, the Ninth Circuit uses a three-
part "effects" test derived from the United States Supreme
Court's decision in Calder v. Jones, 465 U.S. 783 (1984).[10] See
Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).
"[T]he Calder 'effects' test requires that the defendant
allegedly have (1) committed an intentional act, (2) expressly
aimed at the forum state, (3) causing harm that the defendant
knows is likely to be suffered in the forum state." Id. (citing
Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082,
1087 (9th Cir. 2000); Caruth v. Int'l Psychoanalytical Ass'n, 59
F.3d 126, 128 (9th Cir. 1995)).

Even if this Court assumes that Defendants committed
the alleged acts, the last two factors are dispositive. First,
Plaintiff has failed to plead any factual allegation in her
Complaint to show that Defendants expressly aimed their
intentional acts at the forum state. Second, Plaintiff's

---

[10] In Calder, the Supreme Court held that the California
court could exercise jurisdiction over two Florida newspapermen
who "expressly aimed" their conduct in Florida to allegedly cause
injuries to a resident in California. 465 U.S. at 783, 789.

Complaint and memorandum in opposition lack any assertions that Defendants knew the effects of their harmful actions were likely to be suffered in the forum state.  Here, "[i]n order to expressly aim an act at the State of Hawai`i, Defendant[s] must have known that Plaintiff was a resident of Hawai`i and must have actually targeted the forum state.  It is not enough that Plaintiff lives in Hawai`i." See Wood, 2010 WL 2485946, at *4 (citations omitted).  Plaintiff fails to indicate that Defendants had any knowledge of her residence in Hawai`i, until the filing of the instant action.  See id.

Plaintiff does not identify the precise geographical location in which each occurrence in the Complaint took place.  However, it is undisputed that Plaintiff's Complaint does not allege any of the occurrences took place in the State of Hawai`i.  Accordingly, "[w]hen both the alleged acts and injury occurs outside the forum state, a court may find that there are insufficient minimum contacts for specific jurisdiction." See id. (citations omitted).

To the extent Plaintiff alleges she suffers the resultant injuries from Defendants' bad actions in the forum state - i.e., emotional distress, loss of income from deductions to her pay - the Ninth Circuit distinguishes between the consequences of the injury and the actual injury itself.  See Jones Enters., Inc. v. Atlas Serv. Corp., 442 F.2d 1136, 1139

14

(9th Cir. 1971) ("the existence of an effect in a forum state cannot, without more, subject its cause to in personam jurisdiction in that state").

Defendants' acts as pled by Plaintiff were not aimed at the forum state; therefore, the Court concludes Plaintiff cannot demonstrate that Defendants expressly aimed their acts toward Hawai`i.  Thus, Plaintiff cannot meet the purposeful direction prong of the specific jurisdiction test.

Since the specific jurisdiction test requires satisfaction of all three prongs, and Plaintiff cannot show Defendants expressly aimed their acts toward the forum state, this Court declines to exercise personal jurisdiction over the Defendants.  See Quilala v. Sun Power, CIV. NO. 15-00080 JMS-BMK, 2015 WL 4986012, at *6 (D. Hawai`i Aug. 20, 2015) ("All three prongs must be satisfied before the court can exercise specific jurisdiction over a nonresident defendant." (some citations omitted) (citing Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997))).  However, for the sake of completeness, this Court will address the other prongs of the test.

### 2.  Defendants' Forum-Related Activities

Even assuming Plaintiff had met the purposeful direction prong, Plaintiff fails to satisfy the forum-related activity prong of the test.  The Ninth Circuit applies the "'but for' test to determine whether a claim arises out of forum-

related activities." Trade West, Inc. v. Dollar Tree, Inc.,
Civ. No. 12-00606 ACK-BMK, 2013 WL 1856302, at *7 (D. Hawai`i
Apr. 30, 2013) (citing Menken v. Emm, 503 F.3d 1050, 1058 (9th
Cir. 2007)).  Here, the Complaint fails to allege any of the
events occurred in Hawai`i, or that Defendants have any contacts
with Hawai`i.  While Plaintiff believes Defendants' conduct
prevented her from obtaining employment in Hawai`i, [Mem. in Opp.
at 2,] the Court finds no factual allegations in the Complaint to
support this conclusory argument.  Even if Plaintiff had included
this allegation in her Complaint, the Court is not bound to
accept Plaintiff's legal conclusion as true.  See Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009) ("Although for the purposes of a
motion to dismiss we must take all of the factual allegations in
the complaint as true, we 'are not bound to accept as true a
legal conclusion couched as a factual allegation.'" (quoting Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff
has not submitted any evidence that she would not have been
injured "but for" Defendants' forum-related activities.  Rather,
Plaintiff concedes she filed her claim with this district court
based on her belief that she would not be heard fairly in
Philadelphia.

### 3.  **Fair Play and Substantial Justice**

Finally, assuming Plaintiff satisfied the purposeful
direction prong and forum-related activity prong, the

16

reasonableness prong also weighs against specific jurisdiction.

When evaluating the reasonableness prong of the test, the

district court must balance seven factors:

> (1) the extent of the defendant's purposeful
> interjection into the forum state's affairs;
> (2) the burden on the defendant of defending in
> the forum; (3) the extent of conflict with the
> sovereignty of the defendants' state; (4) the
> forum state's interest in adjudicating the
> dispute; (5) the most efficient judicial
> resolution of the controversy; (6) the importance
> of the forum to the plaintiff's interest in
> convenient and effective relief; and (7) the
> existence of an alternative forum.

Menken, 503 F.3d at 1058.

All events pled in the Complaint took place outside of

the forum state, and all parties now appear to reside in

Pennsylvania.[11]  Hawai`i has little interest in adjudicating a

dispute concerning all nonresident parties whose activities

occurred in a foreign jurisdiction.  Most (if not all) of the

witnesses and evidence needed to prove or disprove Plaintiff's

claims will likely be found in Pennsylvania, and possibly

New York.  As a result, Defendants and potentially Plaintiff

could be burdened with significant expense and inconvenience if

forced to litigate in Hawai`i.  In sum, it does not appear

---

[11] Plaintiff has yet to file notice of her change of address
to her residence in Philadelphia.  However, Plaintiff's last
representation to the Court was that she currently resides in,
and wishes all documents to be mailed to her new Philadelphia
residence.  [Dkt. no. 35 (e-mail dated June 9, 2018 from
Plaintiff addressed to the "Honolulu District Court" indicating
Plaintiff's change of address).]

reasonable or fair for this Court to assert specific jurisdiction over the Defendants.

### C. **Summary**

Insofar as this Court has ruled that it has neither general jurisdiction nor specific jurisdiction over Defendants, this Court CONCLUDES that it does not have personal jurisdiction over Defendants.

## III. **Transfer Versus Dismissal**

This district court has previously held:

> Pursuant to 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]" See also Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) (Transfer is permitted "however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."). A district court may transfer a case if: "(1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." Garcia de Rincon v. Dep't of Homeland Sec., 539 F.3d 1133, 1140 (9th Cir. 2008).

Quilala, 2015 WL 4986012, at *8.

The Court finds that transfer of this action to the Eastern District of Pennsylvania is appropriate as it would

resolve the problems with personal jurisdiction and venue.[12]  The
United States District Court for the Eastern District of
Pennsylvania would have been able to exercise both personal
jurisdiction and subject matter jurisdiction over the claims had
Plaintiff filed her Complaint there.  See, e.g., Souders v. S.C.
Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("It is
well settled that transfer of a case to another court is only
permissible if the destination court has subject matter
jurisdiction to hear the case." (footnote omitted) (some
citations omitted) (citing 28 U.S.C. § 1631)).

First, any federal district court has original
jurisdiction over "all civil actions arising under the
Constitution, laws, or treatises of the United States[,]" see 28
U.S.C. § 1331, including Plaintiff's Title VII and ADA claims.
Plaintiff also timely filed her Complaint within the ninety-day
deadline after receiving her EEOC right-to-sue letter.  See 42
U.S.C. § 2000e-5(f)(1); Complaint, Exh. A.  Both Defendants are
Pennsylvania corporations with their principal places of business
in Pennsylvania, which makes them subject to personal
jurisdiction and service of process.  [Weitz Decl. at ¶¶ 4, 5, 7,
11, 19.]  The alleged unlawful employment practices occurred in

---

[12] No party has raised the issue of venue; however, this
Court finds it entirely lacking based on the allegations of the
Complaint.  To the extent Defendants have not yet filed their
answer, the Court does not address whether Defendants have
asserted or waived the affirmative defense of improper venue.

19

Pennsylvania, at either NHS's Lafayette Office or the Wissahickon Building.  [Weitz Decl. at ¶ 19; Complaint at pgs. 3, 6.]  Both locations fall within the judicial district of the United States District Court for the Eastern District of Pennsylvania.[13] Second, this Court has already made clear that personal jurisdiction is not proper in this district; therefore, transfer is appropriate under the second Garcia factor.

Finally, transfer as opposed to dismissal would best serve the interest of justice because "normally dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating."  See Quilala, 2015 WL 4986012, at *8 (quoting Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citation omitted)).  Here, Plaintiff would also be time-barred from refiling her Title VII claim if the Court dismissed, rather than transferred, the case.  See, e.g., De Leon v. KBR, Inc., Civ. No. 11-00685 ACK-BMK, 2012 WL 1606068, at *43 (D. Hawai`i May 8, 2012) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period." (quoting

---

[13] Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the fact that Lafayette Hill is located in Montgomery County, Pennsylvania, and 4700 Wissahickon Avenue is located in Philadelphia, Pennsylvania.  Both Philadelphia and Montgomery County are within the judicial district of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a) ("The Eastern District comprises the counties of Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia.").

<u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1026-27 (2d Cir. 1993))).

Accordingly, the Court concludes that transfer to the United

States District Court for the Eastern District of Pennsylvania is

appropriate in this case.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion to

Dismiss Complaint, filed May 25, 2018, is HEREBY DENIED.  The

Court HEREBY TRANSFERS this case to the United States District

Court for the Eastern District of Pennsylvania.  The denial of

the Motion is WITHOUT PREJUDICE to the consideration of the

jurisdictional issues by the district court in Pennsylvania after

transfer.

The Clerk's Office is DIRECTED to effectuate the

transfer on **November 13, 2018**, unless Plaintiff files a motion

for reconsideration of this Order before the deadline established

in the Local Rules for the District of Hawai`i.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 29, 2018.



        /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NANETTE STONE VS. NHS HUMAN SERVICES, ET AL**; CIVIL 17-00601 LEK-KSC; ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT AND TRANSFERRING CASE